| | |
|---|---|
| 1 | HAYNES AND BOONE, LLP |
| 2 | Tamara Devitt/Bar No. 209683 |
|   |   tamara.devitt@haynesboone.com |
| 3 | Matthew E. Costello/Bar No. 295062 |
|   |   matthew.costello@haynesboone.com |
| 4 | Bianca A. Valencia/Bar No. 331104 |
| 5 |   bianca.valencia@haynesboone.com |
|   | 600 Anton Boulevard, Suite 700 |
| 6 | Costa Mesa, California 92626 |
| 7 | T: (949) 202-3000 | F: (949) 202-3001 |
| 8 | |
|   | Attorneys for Defendant |
| 9 | CDN LOGISTICS, INC., an Illinois Corporation |

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALOSIA OSA, an individual, | Case No. 2:21-cv-9372 |
| Plaintiff, | (Removed from Los Angeles Cty. Super. Ct., Case No. 21STCV39939) |
| v. | |
| CDN LOGISTICS, INC., an Illinois Corporation, and DOES 1 through 100, inclusive, | **DEFENDANT CDN LOGISTICS, INC.'S NOTICE OF REMOVAL** |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446, Defendant CDN Logistics, Inc. ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action filed by Plaintiff Talosia Osa ("Plaintiff"), from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, on the following grounds.

## I.   PROCEDURAL HISTORY

This is an employment case.  On October 29, 2021, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, styled *Talosia Osa v. CDN Logistics, Inc.*, Case No. 21STCV39939 (the "Complaint").  In the Complaint, Plaintiff alleges causes of action for: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of FEHA; (4) failure to take reasonable steps to prevent discrimination and retaliation in the workplace in violation of FEHA; (5) retaliation in violation of FEHA; (6) wrongful termination in violation of public policy; and (7) retaliation in violation of the California Family Rights Act.

Plaintiff served the Summons and Complaint on Defendant's registered agent for service of process, CT Corporation System, on November 2, 2021.  Accordingly, this Notice of Removal is timely, as it is being filed within 30 days after service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).  A true and correct copy of Plaintiff's Summons and Complaint, and state court documents related to the filing thereof, are attached hereto as **Exhibit A**.  A true and correct copy of Defendant's Answer to the Complaint, filed on December 1, 2021 in the state court action, is attached hereto as **Exhibit B**.  Defendant has not been served with any other process, pleadings, or orders from the state court action.

## II. VENUE

Plaintiff filed the Complaint in, and this action is being removed from, the Superior Court of the State of California, County of Los Angeles, which is located in the Western Division of the United States District Court for the Central District of California. 28 U.S.C. § 84(c). Thus, this Notice of Removal is properly filed in this Court. *See id.* §§ 1441(a), 1446(a).

## III. JURISDICTION

The Court has original jurisdiction over this action based on diversity of citizenship. *Id.* § 1332. This action is removable to this Court because it is a civil action between citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and Defendant is not a citizen of California. *Id.* §§ 1441(b), 1446.

### A. Requisite diversity of citizenship exists.

Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles. (*See generally* Exh. A ["Compl."].) Defendant is informed and believed, and thereon alleges based on the allegations in the Complaint, that Plaintiff was, at the time this action commenced, and still is, a citizen of the State of California. (*See id.* ¶ 1 ["At all times herein mentioned, Plaintiff Talosia Osa, is and was a resident of the City of Norwalk, State of California."].)

Plaintiff alleges that he was employed by Defendant. (*See id.* ¶ 2.) For purposes of diversity jurisdiction, corporations are deemed citizens of the states in which they are incorporated and in which their principal places of business are location. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant is an Illinois corporation with its principal place of business in Elmhurst, Illinois. (*See* Exh. C ["Devitt Decl."] ¶ 7.) Thus, Defendant is a citizen of Illinois. As of the filing of the Complaint and continuing to the present, Defendant was not and is not a citizen of California. Defendants Does 1 through

100 are fictitious and, therefore, their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

Based on the foregoing, complete diversity of citizenship exists in this matter because Plaintiff and Defendant are citizens of different states and Defendant is not a citizen of California. *See id.* §§ 1332(a)(1), 1441(b).

### B. The amount in controversy exceeds $75,000.

To be removable on diversity of citizenship grounds, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, at the time of removal. *Id.* § 1332(a)(1). Where removal is based on diversity of citizenship and the initial pleading seeks monetary damages but does not demand a specific sum, "the notice of removal may assert the amount in controversy," *id.* § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Defendant denies the allegations in the Complaint and denies that it is liable to Plaintiff on any purported cause of action or for any amount of damages. However, taking Plaintiff's allegations in the Complaint as true for the purposes of this Notice of Removal only, the amount of damages alleged, including economic (e.g., "loss of salary/wages"), non-economic (e.g., for "shame, humiliation, mental anguish, and emotional distress"), and punitive damages, as well as Plaintiff's prayer for attorneys' fees – all of which are considered for ascertaining the amount in controversy – exceeds $75,000, exclusive of interest and costs. (*See, e.g.*, Compl. ¶ 22; *id.* at p. 15 [prayer for relief].)

Plaintiff's claim for economic damages, alone, exceeds the $75,000 amount in controversy. At the time of Plaintiff's termination on February 10, 2021, Plaintiff was a full-time employee earning $23.64 per hour in straight time wages, or an annual salary equivalent of $49,171.20. (*See* Devitt Decl. ¶ 3.) As of when Plaintiff filed the Complaint on October 29, 2021, over 37 weeks (approximately 8.5 months)

had passed since Plaintiff's termination date. (*Id.* ¶ 4.) Therefore, based on Plaintiff's last hourly rate of $23.64, Plaintiff's alleged backpay damages based on straight time earnings as of the filing of the Complaint amount to $34,987.20 ($23.64 per hour * 40 hours per week * 37 weeks). (*Id.*) Furthermore, trial in this matter is not anticipated until at least a year from the filing of the Complaint. (*Id.* ¶ 5.) Adding Plaintiff's claimed backpay damages of $34,987.20 in straight time wages at the time of filing the Complaint to Plaintiff's equivalent annual salary of approximately $49,171.20 based on the timing of the anticipated trial equals $84,158.40. (*Id.* ¶ 6.) Further, the conservative calculation of $84,158.40 does not take into account other amounts sought by Plaintiff – including (1) non-economic damages (e.g., alleged emotional distress); (2) punitive damages; and (3) attorneys' fees – all of which may be considered when assessing the amount in controversy. *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018).

Accordingly, the face of the Complaint establishes that the amount in controversy easily exceeds the jurisdictional limit of $75,000.

### IV. NOTICE TO PLAINTIFF AND THE STATE COURT

Defendant will promptly serve on Plaintiff a written "Notice to Adverse Party of Removal to Federal Court" and file a copy of that notice with the state court clerk of the Superior Court of the State of California, County of Los Angeles, from which this case was removed. *See* 28 U.S.C. § 1446(d). Defendant will also give notice to the state clerk of this Notice of Removal.

**WHEREFORE**, Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Date: December 2, 2021

HAYNES AND BOONE, LLP

By: *M. Costello*
Matthew E. Costello
Attorneys for Defendant
CDN LOGISTICS, INC.

# PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On December 2, 2021, I served the following documents on the interested party in this action by serving a true copy thereof on the individuals below, as indicated: **Defendant AT&T Services, Inc.'s Notice of Removal; Exhibit A (Complaint); Exhibit B (Answer to Complaint); Exhibit C (Declaration of Tamara I. Devitt).**

| | |
|---|---|
| Roman Otkupman<br>OTKUPMAN LAW FIRM, ALC<br>5743 Corsa Avenue, Suite 123<br>Westlake Village, CA 91362<br>Tel: 818-293-5623<br>Fax: 888-580-1310<br>Email: Roman@OLFLA.com | Attorneys for Plaintiff<br>Talosia Osa |

☒ **(BY MAIL)** I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, such document was deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.

☒ **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery pursuant to CCP § 1010.6 to the addressee(s) indicated above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on December 2, 2021, at Irvine, California.

*/s/ Soumya Tadinada*
Soumya Tadinada