# *EXHIBIT A*

 CT Corporation

**Service of Process Transmittal**
11/02/2021
CT Log Number 540523233

TO: Michael A. Abramson
Michael A. Abramson, Pc
180 N LA SALLE ST STE 3300
CHICAGO, IL 60601-2808

RE: **Process Served in California**

FOR: CDN LOGISTICS, INC.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TALOSIA OSA, an individual // To: CDN LOGISTICS, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV39939 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/02/2021 at 11:17 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780125606703 |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                Tue, Nov 2, 2021

**Server Name:**         Bernard Richards

| Entity Served | CDN LOGISTICS, INC. |
|---|---|
| Case Number | 21STCV39939 |
| Jurisdiction | CA |



ctronically FILED by Superior Court of California, County of Los Angeles on 10/29/2020 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CDN LOGISTICS, INC., an Illinois Corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TALOSIA OSA, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | **CASE NUMBER:** *(Número del Caso):* 21STCV39939 |

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

DATE: 10/29/2021
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by H. Flores-Hernandez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* CDN Logistics, Inc., an Illinois Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2021 02:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
Talosia Osa

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TALOSIA OSA, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>CDN LOGISTICS, INC., an Illinois Corporation, and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.  21STCV39939<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940 ET SEQ.);**<br><br>2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(m));**<br><br>3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(n));**<br><br>4. **FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FEHA (CAL GOV. CODE § 12940(k));**<br><br>5. **RETALIATION IN VIOLATION OF THE FEHA (CAL. GOV. CODE § 12940(h));**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND FEHA (CAL. GOV. CODE § 12940 ET SEQ);**<br><br>7. **RETALIATION IN VIOLATION OF THE CRFA (CAL. GOV'T CODE § 12945.2)** |

**REQUEST FOR JURY TRIAL**

PLAINTIFF, Talosia Osa, complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1.      At all times herein mentioned, Plaintiff Talosia Osa, is and was a resident of the City of Norwalk, State of California.

2.      At all times herein mentioned, Defendant CDN Logistics, Inc. and Does 1-100 (hereinafter also referred to as "Defendants"), is licensed to do business within the City of Santa Fe Springs, County of Los Angeles. Defendants employed the Plaintiff at 13012 Molette Street, San Fe Springs, CA 90670. Plaintiff is informed and believes that said Defendants employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.      The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4.      Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course,

scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5.     Plaintiff began working for Defendant on or about May 7, 2007. While working for Defendant as a Truck Driver, Plaintiff was earning approximately $23.64 per hour. Plaintiff's primary job responsibilities included driving and operating trucks.

6.     Throughout his employment with Defendant, Plaintiff was a diligent worker.

7.     On or about September 30, 2020, Plaintiff suffered from a heart attack while at work. Plaintiff was immediately rushed to the Emergency Room. Plaintiff was further admitted and was hospitalized from on or about September 30, 2020 to October 10, 2020.

8.     In or around October of 2020, as soon as it was practicable due to the severity of Plaintiff's illness and his severe symptoms, as described above, Plaintiff contacted Defendant and informed them of his condition and his inability to come in to work as a result of being hospitalized.

9.     In or around October of 2020, Plaintiff was discharged from the hospital. Plaintiff immediately called Human Resources Manager, Donna (last name unknown) and informed her of his medical condition and his upcoming medical appointment. In response, Donna (last name unknown) informed Plaintiff that she was going to give him FMLA paperwork for them to fill out. Plaintiff filled out the necessary paperwork for his Leave of Absence and submitted it to Defendant.

10.     Plaintiff was further placed on medical leave from September 30, 2020 through March 30, 2021 to treat his medical conditions. Plaintiff made sure to submit his medical leave extensions to Human Resources Manager, Donna (last name unknown).

11.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating him on or about February 10, 2021, for pretextual reasons.

12.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about October 21, 2021, Plaintiff exhausted his administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

///

///

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

## VENUE AND JURISDICTION

13.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE

## FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

14.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

15.     The actions of Defendants, as described in this Complaint, constitute unlawful discrimination on the basis of Plaintiff's disability.

16.     Plaintiff alleges that his heart attack, which prevented and/or substantially limited Plaintiff from engaging in major life activities, such as working or walking, was a physical disability.

17.     At all times herein mentioned, Plaintiff was regarded as being disabled and suffering from a disability, and at all relevant times, Plaintiff was able to perform the essential functions of his job with reasonable accommodations.

18.     Plaintiff brings this cause of action for disability discrimination and termination of employment because of such disability. Furthermore, though Plaintiff's need for an accommodation was clearly communicated to Human Resources Manager, Donna (last name unknown), it was blatantly ignored and Plaintiff was ultimately terminated.

19.     Plaintiff alleges that he was discriminated against by the Defendants, named in this cause of action, as follows:

a.     firing Plaintiff for his disability;

b.     firing Plaintiff in retaliation for needing accommodation for his disability;

c.     generally not wanting Plaintiff to work at the Defendants because Plaintiff had suffered a serious disability which Defendants perceived as a disability, and by perceiving said disability, Defendants anticipated it would have to pay extra costs in reasonably accommodating Plaintiff, and as a result, said Defendants retaliated against Plaintiff, and terminated him to avoid providing any

1    reasonable accommodations and to avoid any perceived extra medical costs

2    associated with Plaintiff's disability. The discrimination impeded Plaintiff's

3    progress and the enjoyment of his employment with Defendants. The

4    discriminatory work environment existed on a continuing and ongoing basis up

     to Plaintiff's termination.

5        20.    Defendants knew, or should have known, of the discriminatory work

6    environment and conduct against Plaintiff, but did nothing to prevent or stop the

7    discrimination.

8        21.    Defendants' disability discrimination as described in this Complaint violates the

9    Fair Employment and Housing Act as promulgated in California Government Code Section

10   12940 et. seq., and other state and federal statutes which prohibit discrimination in

     employment, including the California Constitution and the Civil Rights Act as amended.

11       22.    As a direct and proximate result of Defendants' discrimination, Plaintiff has

12   sustained and will continue to suffer damages in an amount within the jurisdiction of this court,

13   the exact amount to be proven at trial. Such damages include:

14       a.     loss of salary and other valuable employment benefits;

15       b.     prejudgment interest and interest on the sum of damages at the legal rate; and

16       c.     other consequential damages, including damages for shame, humiliation, mental

                anguish and emotional distress caused by the conduct of Defendants.

17       23.    In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit,

18   pursuant to California Government Code Section 12965(b).

19       24.    The grossly reckless, and/or intentional, malicious, and bad faith manner in

20   which said Defendants named in this cause of action, and each of them, engaged in those acts

21   as described in this cause of action by willfully violating those statutes enumerated in this

22   cause of action and terminating Plaintiff for having said disability, including Defendants'

23   willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an

     amount within the jurisdiction of this court, to be ascertained by the fact finder, that is

24   sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct

25   again, and to make an example of them to others.

26       25.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous

     conduct of said Defendants named in this cause of action, described above, was done with

     oppression and malice by the Plaintiff's supervisor and managers and were ratified by those

other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, for their acts as described in this cause of action in a sum to be determined at the time of trial.

26.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE
### FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(m)

(Against Defendant and all DOE Defendants)

27.     Plaintiff incorporates by references all preceding paragraphs in this complaint.

28.     Plaintiff is and all times mentioned herein was, qualified and able to hold a position with Defendants.

29.     Defendants never offered Plaintiff any reasonable accommodation in spite of Defendants' legal duty. Plaintiff requested reasonable accommodation in the form of time off from work to care for his medical conditions. Defendants failed to accommodate Plaintiff's reasonable request.

30.     Furthermore, Plaintiff alleges that in spite of Defendants' legal duty, Defendants never offered any accommodation to Plaintiff prior to Plaintiff's termination.

31.     As a proximate result of Defendants' conduct, Plaintiff has suffered damage in an amount subject to proof, but which are in excess of the jurisdiction minimum of this Court and which include but are not limited, accrued but unpaid salary, bonuses and benefits, front pay, back pay, severance pay, and damages for emotional distress.

32.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants named in this cause of action, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this

cause of action and terminating Plaintiff for having said disability, including Defendants' willful violation of the Act, entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of them to others.

33.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, described above, was done with oppression and malice by the Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendants.  These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

34.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendants in order to deter them from such and similar conduct in the future.

35.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(n)

(Against Defendant and all DOE Defendants)

36.     Plaintiff incorporates by references all preceding paragraphs in this complaint.

37.     At all times herein mentioned the FEHA, Government Code Section 12940(n), was in full force and effect and binding on Defendants. These statutes required Defendants to engage in an interactive process in assessing the employee's disability in order to provide a reasonable accommodation. The Government Code Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive

process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

38.     Plaintiff suffered from a disability during his employment at Defendants and all DOE Defendants. Plaintiff's medical condition manifested itself in a disability, which was disclosed to Defendants. Plaintiff alleges that Defendants did not engage in any interactive process with Plaintiff to determine the extent and nature of his disability and whether his request for reasonable accommodation could be granted. Subsequently, Defendants terminated Plaintiff's employment as a result of Plaintiff's disability.

39.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, by failing to provide Plaintiff with the requested reasonable accommodation concerning his actual and/or perceived disability, and by failing to engage in any interactive process, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damages in a sum according to proof.

40.     Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make example of them.

41.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees in a sum according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, RETALIATION IN THE WORK PLACE IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### California Government Code § 12940(k)

(Against Defendant and all DOE Defendants)

42.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

43.     Plaintiff was discriminated against as described in this Complaint. Although Defendants knew, or should have known, of the discriminatory conduct, they failed and

1    refused to take all the reasonable steps necessary to prevent the discrimination from occurring.

2         44.    Defendants failed or refused to take appropriate steps to abate or prevent

3    discrimination in the workplace by failing to effectively enforce policy against unlawful

4    discrimination, failing to thoroughly investigate complaints of discrimination, and failing to

5    take prompt and appropriate disciplinary action against perpetrators of discrimination. On the

6    contrary, Defendants implemented policies that promoted discrimination of Plaintiff based on
     his disability.

7         45.    Defendants' conduct as described constitutes a violation of California

8    Government Code Section 12940(k).

9         46.    As a direct and proximate result of the acts of Defendants, Plaintiff has

10   sustained and continues to suffer severe emotional distress. Plaintiff seeks general damages for

11   his severe emotional distress and other consequential damages in an amount not less than an
     amount within the jurisdiction of this court, the exact amount to be proven at trial.

12        47.    In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit,

13   pursuant to California Government Code § 12965(b).

14        48.    Further, because the wrongful acts against Plaintiff were carried out or ratified

15   by directors, officers and/or managing agents of Defendants acting with malice, oppression or

16   fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury

17   to Plaintiff, as demonstrated by actions and as described earlier in this Complaint, Plaintiff

18   seeks punitive damages against Defendants, in order to deter them from such and similar
     conduct in the future.

19                        **FIFTH CAUSE OF ACTION**

20                     **RETALIATION IN VIOLATION OF**

21                 **THE FAIR EMPLOYMENT AND HOUSING ACT**

22                  **California Government Code § 12940(h)**

                    (Against Defendant and all DOE Defendants)
23
          49.    Plaintiff incorporates and re-alleges by reference all previous paragraphs of this
24
     Complaint as if fully set forth herein.
25
          50.    Government Code §12940(h) provides that it is unlawful for an employer or
26
     other entity covered by this part to "discharge, expel, or otherwise discriminate against any

     person because the person has opposed any practices forbidden" under the Fair Employment

     and Housing Act.

51.     On or about September 30, 2020, Plaintiff suffered from a heart attack while at work. Plaintiff was immediately rushed to the Emergency Room. Plaintiff was further admitted and was hospitalized from on or about September 30, 2020 to October 10, 2020.

52.     In or around October of 2020, as soon as it was practicable due to the severity of Plaintiff's illness and his severe symptoms, as described above, Plaintiff contacted Defendant and informed them of his condition and his inability to come in to work as a result of being hospitalized.

53.     In or around October of 2020, Plaintiff was discharged from the hospital. Plaintiff immediately called Human Resources Manager, Donna (last name unknown) and informed her of his medical condition and his upcoming medical appointment. In response, Donna (last name unknown) informed Plaintiff that she was going to give him FMLA paperwork for them to fill out. Plaintiff filled out the necessary paperwork for his Leave of Absence and submitted it to Defendant.

54.     Plaintiff was further placed on medical leave from September 30, 2020 through March 30, 2021 to treat his medical conditions. Plaintiff made sure to submit his medical leave extensions to Human Resources Manager, Donna (last name unknown).

55.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating him on or about February 10, 2021, for pretextual reasons.

56.     Plaintiff is informed and believes and alleges that the reason for Defendants termination of Plaintiff was in retaliation of Plaintiff's disability.

57.     As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

58.     Defendants' acts as herein described were committed maliciously or oppressively with the intent of injuring Plaintiff and/or with a willful disregard for Plaintiff's right to work in an environment free from unlawful discrimination. Because the acts were carried out by officers, directors and/or managing agents of Defendants in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive or exemplary damages in a sum sufficient to punish and deter such future conduct.

59.     As a proximate result of the wrongful acts alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

60.     Plaintiff requests an award of attorney's fees and costs of suit pursuant to Government Code §12965(b).

### SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND THE FAIR EMPLOYMENT HOUSING ACT

### California Government Code § 12940 et seq.

(Against Defendant and all DOE Defendants)

61.     Under California law, no employee, whether they are an at-will employee, or An employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. The California Court has interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

62.     Plaintiff is informed, believes, and based thereon, alleges that said Defendants named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's disability. The conduct described in the above sentence violates the following statutes that affect society at large:

a.     under the FEHA, California Government Code §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their disability;

b.     all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating, harassing, discriminating against Plaintiff.

63.     Plaintiff alleges that the Defendants, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendants, terminated Plaintiff's employment in violation of public policy as such:

a.     by acting unlawfully in a manner that affects the California workplace by

creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of his disability under California Government Code 12940, et seq.

64.      As a direct, foreseeable, and proximate result of the actions of said Defendants and all Doe Defendants, and each of them, as described in this complaint, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits he would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months and not being able to provide for himself and his family, as well as other financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

65.      The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendants and DOES 1-100 conducted themselves as described in this cause of action by willfully violating those statutes and public policies numerated in the above Paragraphs, Plaintiff prays for punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter Defendants from engaging in such conduct again, and to make an example of Defendants to others.

66.      Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants, as described above, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by the Defendants' employees and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants for their acts as described in this cause of action, in a sum to be determined at the time of trial.

67.      Wherefore, Plaintiff requests relief as described below.

///
///
///
///
///

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### California Government Code § 12945.2 and

### California Code of Regulations § 7297.9

(Against Defendant and all DOE Defendants)

68.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

69.     At all relevant times, Defendant was an employer covered by the California Family Rights Act ("CFRA") because Defendant employed fifty (50) or more full or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

70.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Specifically, Plaintiff worked for more than one (1) year at Defendant and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to him requesting leave.

71.     Defendants violated the CFRA by retaliating against Plaintiff including, without limitation, Defendants terminated Plaintiff's employment in whole, because he sought to exercise his rights under the CFRA.

72.     Plaintiff began working for Defendant on or about May 7, 2007.

73.     On or about September 30, 2020, Plaintiff suffered from a heart attack while at work. Plaintiff was immediately rushed to the Emergency Room. Plaintiff was further admitted and was hospitalized from on or about September 30, 2020 to October 10, 2020.

74.     In or around October of 2020, as soon as it was practicable due to the severity of Plaintiff's illness and his severe symptoms, as described above, Plaintiff contacted Defendant and informed them of his condition and his inability to come in to work as a result of being hospitalized.

75.     In or around October of 2020, Plaintiff was discharged from the hospital. Plaintiff immediately called Human Resources Manager, Donna (last name unknown) and informed her of his medical condition and his upcoming medical appointment. In response, Donna (last name unknown) informed Plaintiff that she was going to give him FMLA paperwork for them to fill out. Plaintiff filled out the necessary paperwork for his Leave of Absence and submitted it to Defendant.

76.     Plaintiff was further placed on medical leave from September 30, 2020 through March 30, 2021 to treat his medical conditions. Plaintiff made sure to submit his medical leave extensions to Human Resources Manager, Donna (last name unknown).

77.     Rather than accommodating Plaintiff's disabilities as described herein, Defendant retaliated against Plaintiff by wrongfully terminating him on or about February 10, 2021, for pretextual reasons.

78.     At all times herein mentioned, Government Code § 12945.2 was in full force and effect, and was binding upon Defendant and all Doe Defendants. Said section required said Defendants, and their employees and agents, to not retaliate against Plaintiff for requesting and/or taking time off for statutory family care and medical leave. Moreover, at all times herein mentioned, California Code of Regulations Title 2 §7297.7 was in full force and effect and was binding upon Defendants.

79.     As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and benefits which naturally exist with fair employment, but which were denied to him by said Defendants, all in an amount to be proven at the time of trial.

80.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code Section 3287 and/or any other provision of law providing for pre-judgment interest.

81.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

82.     The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with conscious disregard of Plaintiff and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code Section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

83.     Plaintiff will also seek and is entitled to recover attorney's fees in connection

with this cause of action under the private attorney general doctrine (Civ. Code section 1021.5) as well as a Government Code Section 12940, et seq.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3. For costs of suit and attorney fees;

4. For prejudgment and post judgment interest;

5. For any other relief that is just and proper;

6. For attorney's fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

## DEMAND FOR JURY TRIAL

DATED: October 28, 2021          OTKUPMAN LAW FIRM, ALC


By: _____
          Roman Otkupman
          Attorneys for Plaintiff, Talosia Osa


Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.


DATED: October 28, 2021          OTKUPMAN LAW FIRM, ALC


By: _____
          Roman Otkupman
          Attorneys for Plaintiff, Talosia Osa

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2021

Roman Otkupman
5743 Corsa Avenue
Westlake Village, California 91362

RE:  **Notice to Complainant's Attorney**
     DFEH Matter Number: 202110-15155021
     Right to Sue: Osa / CDN Logistics, Inc.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202110-15155021
Right to Sue: Osa / CDN Logistics, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 21, 2021

Talosia Osa

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202110-15155021
      Right to Sue: Osa / CDN Logistics, Inc.

Dear Talosia Osa:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 21, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Talosia Osa

DFEH No. 202110-15155021

Complainant,

vs.

CDN Logistics, Inc.

Respondents

---

1. Respondent **CDN Logistics, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Talosia Osa**, resides in the City of , State of .

3. Complainant alleges that on or about **February 10, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Plaintiff began working for Defendant on or about May 7, 2007. While working for Defendant as a Truck Driver, Plaintiff was earning approximately $23.64 per hour. Plaintiff's primary job responsibilities included driving and operating trucks.

-1-

Date Filed: October 21, 2021

DFEH-ENF.80.RS

1   Throughout his employment with Defendant, Plaintiff was a diligent worker. On or about
    September 30, 2020, Plaintiff suffered from a heart attack while at work. Plaintiff was
2   immediately rushed to the Emergency Room. Plaintiff was further admitted and was
    hospitalized from on or about September 30, 2020 to October 10, 2020. In or around
3   October of 2020, as soon as it was practicable due to the severity of Plaintiff's illness and
    his severe symptoms, as described above, Plaintiff contacted Defendant and informed them
4   of his condition and his inability to come in to work as a result of being hospitalized. In or
    around October of 2020, Plaintiff was discharged from the hospital. Plaintiff immediately
5   called Human Resources Manager, Donna (last name unknown) and informed her of his
    medical condition and his upcoming medical appointment. In response, Donna (last name
6   unknown) informed Plaintiff that she was going to give him FMLA paperwork for them to fill
    out. Plaintiff filled out the necessary paperwork for his Leave of Absence and submitted it to
7   Defendant. Plaintiff was further placed on medical leave from September 30, 2020 through
    March 30, 2021 to treat his medical conditions. Plaintiff made sure to submit his medical
8   leave extensions to Human Resources Manager, Donna (last name unknown). Rather than
    accommodating Plaintiff's disabilities as described herein, Defendant retaliated against
9   Plaintiff by wrongfully terminating him on or about February 10, 2021, for pretextual reasons.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -2-
                              Complaint – DFEH No. 202110-15155021
27
     Date Filed: October 21, 2021
28
                                                                          DFEH-ENF.80.RS

1

VERIFICATION

2

I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint. I have read

3

the foregoing complaint and know the contents thereof. The matters alleged are
based on information and belief, which I believe to be true.

4

On October 21, 2021, I declare under penalty of perjury under the laws of the State of

5

California that the foregoing is true and correct.

6

**Westlake Village, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

*Complaint – DFEH No. 202110-15155021*

27

Date Filed: October 21, 2021

28

DFEH-ENF 80 RS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ⎯ Roman Otkupman, Esq. Bar No. 249423<br>Otkupman Law Firm, ALC<br>5743 Corsa Ave, Suite 123<br>Westlake Village, CA 91362<br>TELEPHONE NO.: (818) 293-5623   FAX NO.: (888) 850-1310<br>ATTORNEY FOR *(Name):* Plaintiff Talosia Osa | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Talosa Osa v. CDN Logistics, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV39939 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 29, 2021
Roman Otkupman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Talosia Osa v. CDN Logistics, Inc. | CASE NUMBER 21STCV39939 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Talbsia Osa v. CDN Logistics, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property<br>Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful<br>eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt<br>Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Talósia Osa v. CDN Logistics, Inc. | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Talosia Osa v. CDN Logistics, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 13012 Molette Street |
|---|---|---|---|
| CITY: Santa Fe Springs | STATE: CA | ZIP CODE: 90670 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>October 29, 2021</u>



(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/29/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:  H. Flores-Hernandez  Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV39939 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/01/2021
_____
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez
_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Elizabeth Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )        FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING         )
FOR CIVIL                              )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) "Electronic Filing Service Provider" An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) "Electronic Signature" For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) "Hyperlink" An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) "Portable Document Format" A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) **Documents in Related Cases**

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

1   5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2   Electronic filing service providers must obtain and manage registration information for persons

3   and entities electronically filing with the court.

4   6)  TECHNICAL REQUIREMENTS

5      a)  Electronic documents must be electronically filed in PDF, text searchable format when

6         technologically feasible without impairment of the document's image.

7      b)  The table of contents for any filing must be bookmarked.

8      c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9         exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10        3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11        item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12        bookedmarked item and briefly describe the item.

13     d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14        limited to, the following:

15        i)     Depositions;

16        ii)    Declarations;

17        iii)   Exhibits (including exhibits to declarations);

18        iv)   Transcripts (including excerpts within transcripts);

19        v)    Points and Authorities;

20        vi)   Citations; and

21        vii)  Supporting Briefs.

22     e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23        encouraged.

24     f)  Accompanying Documents

25        Each document acompanying a single pleading must be electronically filed as a separate

26        digital PDF document.

27     g)  Multiple Documents

28        Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION — DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION — DISCOVERY RESOLUTION**

| SHORT TITLE | | | CASE NUMBER |
|---|---|---|---|

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**The following parties stipulate:**

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

PLAINTIFF:

DEFENDANT:

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

Date: _____
(TYPE OR PRINT NAME)                    >  _____
                                           (ATTORNEY FOR PLAINTIFF)

Date: _____
(TYPE OR PRINT NAME)                    >  _____
                                           (ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)                    >  _____
                                           (ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)                    >  _____
                                           (ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)                    >  (ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)                    >  (ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)                    >  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY (OR PARTY WITHOUT ATTORNEY): | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List**

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   **Day of trial mediation programs have been paused until further notice.**

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Envelope: UPS_LETTER_CENTER WINDOW
Total Pages: 53
SafetySeal(101761)

TERRI THONGSAVAT
21493236O1
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**      **1 OF 1**

**SHIP TO:**
MICHAEL A. ABRAMSON
3127547400
MICHAEL A. ABRAMSON, PC
180 N LA SALLE ST STE 3300
**CHICAGO IL 60601**

**IL 606 9-03**

**UPS NEXT DAY AIR**      **1**
TRACKING #: 1Z X21 278 01 2560 6703

BILLING: P/P

Reference No.1: SOP/2401130/540523233/CT SOP Custo

XOL 21.11.05      NV45 45.0A 10/2021*      TM

1810392

25

Origin: Wolters Kluwer UPS 562130

**CT Packing Slip**

**CT Corporation**

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780125606703 |
| **Created By :** | Ajeet Kumar |
| **Created On :** | 11/03/2021 01:18 PM |
| **Recipient :** | |

**Michael A. Abramson**

| | |
|---|---|
| Title : | -- |
| Customer : | Michael A. Abramson, Pc |
| Address : | 180 N LA SALLE ST STE 3300 |
| Email : | maabramson@maabramson.com |
| Phone : | -3127547400        Fax :    - |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 540523233 | 21STCV39939 | CDN LOGISTICS, INC. |